UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-21487-CIV-MORENO**

GLORIA LOTERO-DIAZ,

      Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, JILL A. EGGLESTON, Director of USCIS FOIA Operations, and KURT G. VICHA, Field Office Director for the Miami Field Office of USCIS,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint as Moot (**D.E. 14**), filed on **May 20, 2020**.

THE COURT has considered the Motion to Dismiss, the Opposition, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

In this Freedom of Information Act case, Plaintiff Gloria Lotero-Diaz alleges that records responsive to her Freedom of Information Act request are being unlawfully withheld from her by the Defendants, all the while the Defendants are simultaneously using the same responsive records against her in the adjudication of her pending application for adjustment of status.

Defendants moved to dismiss the Complaint as moot on grounds that they produced all records in their possession that were responsive to Plaintiff's FOIA request. In her Opposition, Plaintiff argues that, as of the time of filing, Defendants had "still not produced the *last* responsive

document that was referred to an unspecified agency for redaction review." (D.E. 17 at 1; *see also id.* at 3 ("Of all the responsive documents identified, *one* remains pending review by an unspecified agency.") (emphases added).) Defendants assert in the Reply that "[o]ne day after Plaintiff filed her response to the Motion to Dismiss, the FBI mailed Plaintiff's counsel the final record." (D.E. 18 at 2.) Thus, Defendants argue that the Complaint should be dismissed as moot.

## II.  DISCUSSION

The Complaint asserts two claims under the Freedom of Information Act (Counts 1–2), a claim under the Administrative Procedure Act (Count 3), and a claim under the Due Process Clause of the Fifth Amendment (Count 4). The Court addresses each claim in turn.

### A.  FREEDOM OF INFORMATION ACT CLAIMS (COUNTS 1–2)

Plaintiff asserts two claims under the Freedom of Information Act. It is well-recognized that "once an agency releases the documents responsive to a FOIA request, subject matter jurisdiction over a claim for injunctive relief under FOIA ceases to exist." *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1188 (S.D. Fla. 2012) (collecting cases), *aff'd*, 568 F. App'x 690 (11th Cir. 2014); *see also Von Grabe v. U.S. Dept. of Homeland Sec.*, 440 F. App'x 687, 688 (11th Cir. 2011) ("If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought.") (citations omitted).

Here, the *last* document responsive to Plaintiff's FOIA request was produced to her after she filed her Opposition. Therefore, the claims under the Freedom of Information Act (Counts 1–2) are **DISMISSED** as moot.

### B.  ADMINISTRATIVE PROCEDURE ACT CLAIM (COUNT 3)

Plaintiff also asserts a claim under the Administrative Procedure Act. Judicial review

under this Act is available only for "[a]gency action . . . for which there is no other adequate remedy." *See* 5 U.S.C. § 704. It is well-established that special and adequate review procedures are available under the Freedom of Information Act, and that courts dismiss claims under the Administrative Procedure Act where a remedy is provided by the Freedom of Information Act. *See Saint-Surin v. Fed. Bureau of Investigation*, No. 12-23497-CIV, 2013 WL 12106180, at *1 n.1 (S.D. Fla. Oct. 17, 2013); *see also Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 846 F.3d 1235, 1246 (D.C. Cir. 2017) ("FOIA offers an 'adequate remedy' within the meaning of section 704 such that [plaintiff's] APA claim is barred.") (quoting 5 U.S.C. § 704); *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) (ruling same); *Cent. Platte Natural Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148–49 (8th Cir. 2011) (same); *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 537–38 (7th Cir. 2005) (same).

Here, the Freedom of Information Act provides Plaintiff an "adequate remedy" under Section 704. And thus, because she is not entitled to review under the Administrative Procedure Act, her claim under the Act (Count 3) is also **DISMISSED**.

### C.  DUE PROCESS CLAIM (COUNT 4)

Finally, Plaintiff asserts a claim under the Due Process Clause of the Fifth Amendment. Plaintiff alleges that Defendants are violating the Constitution's guarantee against deprivation of life, liberty, or property without due process by depriving Plaintiff "of the opportunity to review the contents of her A-file before having to respond to" the Notice of Intent to Deny the Plaintiff's application for adjustment of status. (D.E. 1 at ¶ 55.) She further alleges that Defendants' "actions to withhold responding to Plaintiff's FOIA request in order to fast-track the intended denial of Plaintiff's application to adjust status violates the Plaintiff's right to Due Process." *Id.* at ¶ 54.

Here, Plaintiff's initial deadline to respond to the Notice of Intent to Deny was in

April 2020.  *See id.* at ¶ 22 & n.1.  But in a letter dated May 20, 2020, Defendants gave Plaintiff an extension of time to July 22, 2020 to respond to the Notice of Intent to Deny.  (*See* D.E. 14-3.)

Because the Due Process claim is premised on Plaintiff having a "liberty interest" in the opportunity to review her file, and she has received this opportunity—*i.e.* she has received all records responsive to her FOIA request before her July 22, 2020 deadline to respond to the Notice of Intent to Deny—the Court finds that the Due Process claim is **DISMISSED** as moot.

### D.     ATTORNEYS' FEES AND COSTS

Finally, Plaintiff argues that dismissal is not warranted because the Court has not ruled on the awarding of attorneys' fees and costs.  The Court disagrees.  Plaintiff may file a separate motion seeking attorneys' fees and costs.  *See Von Grabe*, 440 F. App'x at 688 ("A [FOIA] claim's mootness, however, 'does not automatically preclude an award' of damages or attorney's fees, which requires the satisfaction of certain specific requirements.") (citation omitted).

### CONCLUSION

For all these reasons, it is

**ADJUDGED** that Defendants' Motion to Dismiss **(D.E. 14)** is **GRANTED**.  All claims are accordingly **DISMISSED**.  By extension, Plaintiff's Expedited Motion for Preliminary Injunction **(D.E. 11)** is **DENIED AS MOOT**.  Because there are no claims remaining, the Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of June 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record